# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4543 | **DATE** | 10/18/2000 |
| **CASE TITLE** | Forest Health System, Inc. of IL vs. Trustmark Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to remand this case to the Circuit Court of Cook County [5-1] is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 19 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 OCT 18 PM 12: 45 | | |
| RO | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FOREST HEALTH SYSTEM, INC. OF IL d/b/a FOREST HOSPITAL, | ) ) ) | No. 00 C 4543 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Ruben Castillo |
| TRUSTMARK INSURANCE COMPANY, | ) ) ) | (Removed from the Circuit Court of Cook County, IL No. 00 L 7065) |
| Defendant. | ) ) | |

**DOCKETED OCT 1 9 2000**

## MEMORANDUM ORDER

Forest Health System, Inc. ("Forest Health"), sponsor of a self-funded employee benefit plan, filed this action against its plan administrator Trustmark Insurance Company ("Trustmark") in the Circuit Court of Cook County, Illinois. Forest Health alleges that Trustmark, which also had issued stop loss insurance to Forest Health, breached its contractual obligations when it intentionally delayed processing insurance claims, preventing Forest Health from recovering under the stop loss insurance contract. Defendant removed the state action to this Court pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1331, and 29 U.S.C. § 1001. Currently before the Court is Forest Health's motion to remand this matter to the Circuit Court of Cook County. For the reasons set forth below, Forest Health's Motion to Remand is granted.

This Court's determination of jurisdiction on removal begins with 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . ." 28 U.S.C. § 1441(a). The propriety of removal turns on



whether the Court has federal question jurisdiction under 28 U.S.C. § 1331, which gives district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal bears the burden of establishing federal jurisdiction. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). If there is any doubt about the propriety of removal, the case should be remanded to state court. *See id.*

Ordinarily, the well-pleaded complaint rule governs the determination of whether federal jurisdiction exists. *See Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995) (a cause of action only arises under federal law when the plaintiff's well pleaded complaint raises issues of federal law). The doctrine of complete preemption, which applies in the context of the Employee Retirement Income Security Act of 1974 ("ERISA"), however, acts as an exception to the well-pleaded complaint rule. *See id.* Section 502(a), 29 U.S.C. § 1132, ERISA's civil enforcement provision, "provides the basis for complete preemption" under ERISA. *Id.* Thus, state law claims falling within the scope of § 502(a) are completely preempted. *See Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998). Such state law claims are recharacterized as claims arising under federal law, and thus confer federal question jurisdiction for removal purposes. *See Rice*, 65 F.3d at 640.

Trustmark, the party seeking removal in this case, has failed to establish that Forest Health's claims are completely preempted under § 502(a), as required for federal jurisdiction. Instead, Trustmark erroneously argues that this Court has jurisdiction because Forest Health's claims are preempted by § 514(a), 29 U.S.C. § 1144, ERISA's conflict preemption provision. Unlike § 502(a), § 514(a) does not provide the basis for complete preemption under ERISA. *See Rice*, 65 F.3d at 639-640. Rather, § 514(a) serves only as a defense to a state law action, and

Page 2

thus does not confer federal question jurisdiction. *See id.* at 640 (holding that complete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514(a) does not); *see also Rosen v. Washington Nat'l Ins. Co.*, No. 97 C 5894, 1997 WL 638484, at *4 (N.D. Ill. Oct. 7, 1997) ("Preemption premised solely on section 514(a) of ERISA does not permit removal.").

Trustmark has not demonstrated that Forest Health's claims are completely preempted pursuant to § 502(a). Therefore, federal jurisdiction has not been established. Accordingly, this Court finds that, based on the state court proceedings to date, "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Therefore, this Court grants Forest Health's Motion to Remand, (R. 5-1), and remands this matter back to the Circuit Court of Cook County, Illinois. Trustmark will remain free to file an amended motion for removal whenever it has a good faith belief that it can meet its burden of establishing federal jurisdiction for this dispute.

Entered:

Judge Ruben Castillo
United States District Court

Dated: **October 17, 2000**